

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

February 21, 2020

**BY ECF**

The Honorable Lorna G. Schofield
United States District Judge
Southern District of New York
40 Foley Square
New York, New York 10007

    Re:    <u>United States v. Colin Akparanta</u>,
             19 Cr. 363 (LGS)

Dear Judge Schofield:

      The Government respectfully submits this letter in advance of the defendant's anticipated guilty plea, which is expected to occur pursuant to an agreement with the Government and before the Hon. Kevin Nathaniel Fox on or about March 4, 2020. The Government is aware of Rule H(1)(c) of the Court's Individual Rules and Procedures which provides that "[a]bsent exceptional circumstances, *Giglio* material must be disclosed four weeks prior to the date of the start of trial or guilty plea." While the Government has already made productions of material to the defendant pursuant to *Brady* and its progeny and Rule 16[1] and is in full compliance with its disclosure obligations at this stage in the litigation, for the reasons set forth below, including the exceptional circumstances of this case, the Government respectfully submits that further production of *Giglio* material in advance of the defendant's plea would be inappropriate and inconsistent with governing law and the terms of the defendant's plea agreement.

      Defendant Colin Akparanta, a former correction officer at the Metropolitan Correctional Center ("MCC") here in Manhattan, was charged in May 2019 in the above Indictment with multiple counts of sexual abuse of a ward, in violation of Title 18, United States Code, Section 2243(b); abusive sexual contact, in violation of Title 18, United States Code, Section 2244(a)(4); and deprivation of civil rights under color of law, in violation of Title 18, United States Code, Section 242, arising from his sexual abuse of female inmates while he served as a correction officer. The Indictment includes specific allegations regarding four victims, and the Government

---

[1] The Government's Rule 16 productions principally included, among other things, a search warrant and accompanying search warrant application to search the defendant's person, cellular phone, and MCC locker; a second search warrant to search the defendant's phone; Bureau of Prisons records relating to the defendant and the victims; photographs of relevant locations within the MCC; and reports identifying materials located on the defendant's phone that were responsive to the search warrant.

Hon. Lorna G. Schofield                                                                                                    Page 2
February 21, 2020

has since learned of at least three additional women who were victimized by the defendant while at the MCC.

Were this case to proceed to trial, the Government would certainly produce, at an appropriate time, full *Giglio* material for the Government's anticipated witnesses. But the Government respectfully submits that its productions to date are sufficient to satisfy its obligations in advance of the defendant's plea. Specifically, in *United States v. Ruiz*, 536 U.S. 622, 633 (2002), the Supreme Court explicitly held that the "Constitution does not require the Government to disclose material impeachment evidence prior to entering a plea agreement with a criminal defendant." The Court reasoned, *inter alia*, that impeachment information implicates the fairness of a trial, rather than the voluntariness of a plea. *Id.* at 628-30. Similarly Congress, in codifying the requirement that the Government produce a witness's prior statements, which of course form a core part of the Government's *Giglio* obligations, required the production of such materials only after the witness's trial testimony. *See* 18 U.S.C. § 3500.

For substantially these reasons, courts in this Circuit have repeatedly held that the Government satisfies its *Giglio* obligations by disclosing such material to the defense sufficiently in advance of the witness's testimony to permit its effective use at trial, and deny requests to compel earlier production. *See, e.g.*, *United States v. Morgan*, 690 F. Supp. 2d 274, 286, 292 (S.D.N.Y. 2010) (denying motion for early disclosure of *Giglio* material, noting that "courts in this Circuit have repeatedly refused to compel disclosure of impeachment or *Giglio* material well in advance of trial); *United States v. Gallo*, No. 98 Cr. 338 (JGK), 1999 WL 9848, at *7-8 (S.D.N.Y. Jan. 11, 1999) (denying request for early production of *Giglio* material and holding that producing such material sufficiently in advance of each witness's testimony to allow adequate time to prepare for cross-examination would satisfy the Government's *Giglio* obligations); *United States v. Mejia*, No. 98 Cr. 4 (JGK), 1998 WL 456257, at *1 (S.D.N.Y. Aug. 5, 1998) (denying defense motion for early production of *Giglio* material on the ground that "[i]t is well-established that a defendant is not entitled to [*Giglio*] information in advance of trial).[2]

Moreover, as noted above, the defendant is expected to enter a plea pursuant to an agreement with the Government. In that agreement, which the defendant has already signed, the defendant "acknowledges that he has accepted this Agreement and decided to plead guilty *because he is in fact guilty*" and further agrees to "waive[] any and all right to withdraw his plea or to attack his conviction, either on direct appeal or collaterally, on the ground that the Government has failed to produce any discovery material, *Jencks* Act material, exculpatory material pursuant to *Brady v. Maryland*, 373 U.S. 83 (1963), other than information establishing the factual innocence of the defendant, *or impeachment material pursuant to Giglio v. United States*, 405 U.S. 150 (1972), *that has not already been produced as of the date of the signing of this Agreement*." (emphasis added).

---

[2] Moreover, and based on the foregoing authority, the Government respectfully submits that a rule of individual practice that requires production of *Giglio* material four weeks in advance of a defendant's plea may be inconsistent with Rule 57 which permits such individual rules only where there "is no controlling law" and where the rule adopted is "consistent with federal law." Fed. R. Crim. P 57(b).

Hon. Lorna G. Schofield  Page 3
February 21, 2020

   In light of the Government's productions to date, controlling law, and the terms of the defendant's plea agreement, the Government respectfully submits that requiring production of *Giglio* material prior to the defendant's anticipated guilty plea would be particularly inappropriate in this case. As the Court is aware, given the nature of the charges in this case, the victims include individuals who remain incarcerated and thus regularly interact with other inmates and, in particular, correction officers. As such, there are particular sensitivities associated with further disclosures, which would include detailed accounts of sexual assaults and thus implicate the privacy interests of the victims and may pose a risk to the victims' safety and increase the chances of intimidation and retaliation. Moreover, and particularly in light of the productions and disclosures made to date as detailed above, the Government submits that no further disclosures are required to permit the defendant to make a knowing and voluntary decision to enter a plea. *Cf. Ruiz*, 536 U.S. at 629-30 (noting that "impeachment information is special in relation to the fairness of a trial, not in respect to whether a plea is voluntary," and that, while in general "the more information the defendant has, the more aware he is of the likely consequences of a plea, . . . [i]t is particularly difficult to characterize impeachment information as critical information of which the defendant must always be aware prior to pleading guilty given the random way in which such information may, or may not, help a particular defendant").

               Respectfully submitted,

               GEOFFREY S. BERMAN
               United States Attorney for the
               Southern District of New York

          By:    *s/*
               Lara Pomerantz
               Sarah Krissoff
               Rachael Doud
               Assistant United States Attorneys
               (212) 637-2343/2232/3274

cc:  Nicholas Kaizer, Esq. (via email)